IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Monitronics International, Inc., d/b/a Brinks Home Security, <br><br> Plaintiff, <br><br> vs. <br><br> Ryan M. Luke, and C P Innovative Investments LLC d/b/a Edge Home Security, <br><br> Defendants. | Civil Action No.  5:20-cv-322 <br><br><br> **Order Granting Motion to Seal and to Permit Manual Filing** |

Before the Court is the Motion to Seal and to Permit Manual Filing (ECF No. 8) filed by

Plaintiff Monitronics International, Inc., d/b/a Brinks Home Security ("Brinks") under Fed. R. Civ.

P. 5.2(e)(1) and (g).  Brinks seeks leave of the Court to file under seal a CD of audio recordings

and five unredacted transcripts of those recordings.  It also seeks leave to manually file the CD

with the Clerk of Court.  The Court **GRANTS** the motion.  The Court finds and **ORDERS**:

1.      This case involves Brinks' customers and their personal information, including

their names, addresses, phone numbers, and account numbers.  This information is not only private,

but is sensitive because it could identify for the public those individuals who have installed a

particular type of home security system, which could make them targets for criminals seeking to

know the type of security they might encounter at a given residence.

2.      This identifying information may be necessary for Defendants to respond to the

allegations of the lawsuit and Brinks' Motion for Preliminary Injunction and/or Temporary

Retraining Order; however, the audio recordings and the unredacted transcripts should not be filed

in the public record at this time. Brinks should instead use a confidential reference list under Fed. R. Civ. P. 5.2(g) so as to protect its customers' information.

3.      There would appear to be no public interest in publicly disclosing the names, addresses, phone numbers, account numbers, and account passcodes of those customers affected by Brinks' allegations at this time. Because Brinks files transcripts of these recordings that have redacted the personal identifying informant in the public record, there is no less restrictive alternative to granting the motion to seal. *See Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

4.      Therefore, the Clerk shall file under seal the CD and unredacted transcripts provisionally filed as a proposed sealed document (ECF No. 7). *See* Local Civ. R. 79.2(b) and Section V.G. of the CM/ECF Policy Manual.

5.      Brinks is ordered to mail by overnight delivery the physical CD to the Clerk of Court with a copy of this order. Thereafter, Brinks shall file a Notice of Manual filing as required by the CD/ECF Policy Manual.

6.      Brinks is ordered to serve the unredacted transcripts on Defendants at the time it serves them with process of the Summons and Complaint and then to serve the CD on Defendants as soon as practical thereafter. It may provide this sealed documents to those individuals or entities necessary to effectuate service of process, including any retained process server.

        **IT IS SO ORDERED.**

_____
The Honorable Louise W. Flanagan
United States District Court Judge

New Bern_____, North Carolina
June _30_, 2020